IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

**********************************

UNITED STATES OF AMERICA

v.

MARIO LESLIE,

        Defendant.

**********************************

Criminal Action No.
5:24-CR-217 (DNH)

## SENTENCING MEMORANDUM OF THE UNITED STATES

**I.   INTRODUCTION**

On May 15, 2024, pursuant to a written Rule 11(c)(1)(A) plea agreement, the defendant entered a plea of guilty to Counts 1 and 2 of two-count Information 24-CR-217. Count 1 charges on or about February 6, 2024, in Onondaga County in the Northern District of New York, the defendant, Mario Leslie, knowingly and intentionally possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). That violation involved 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

Count 2 charges on or about February 6, 2024, in Onondaga County in the Northern District of New York, the defendant, Mario Lesli, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), knowingly possessed a firearm, that is a loaded Glock GMBH 33 Gen4 357 caliber pistol, bearing serial number BUKS903, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

II. **APPLICABLE STATUTORY AND GUIDELINES PROVISIONS**

    A. **Statutory Sentencing Provisions**

The government agrees with the recitation of the statutory maximum and minimum terms of incarceration, supervised release, and fines set forth in the PSR. (Doc. No. 20).

    B. **Guidelines Provisions**

        i. **Plea Agreement**

Pursuant to the plea agreement in this case, the parties have stipulated to certain Guideline levels, as described in the PSR at paragraph 21. The plea agreement also sets forth that the defendant waives any appeal of a sentence of imprisonment of 144 months or less. PSR ¶ 4.

        ii. **Base Offense Level and Special Offense Characteristics**

The government agrees with the Probation Office's calculation of the defendant's total Offense Level under the Sentencing Guidelines, which is 21. PSR ¶ 29.

        iii. **Criminal History Category**

The government agrees with the Probation Office's determination that the defendant has a criminal history category of V. PSR ¶ 39.

        iv. **Guidelines Range and Sentence**

The government agrees with the Probation Office's determination of the Guidelines Range in this case. PSR ¶ 83.

III. **GOVERNMENT'S SENTENCING RECOMMENDATION**

The defendant possessed with the intent to distribute a large quantity of an incredibly dangerous drug. As the court is well aware, Fentanyl has been responsible for numerous deaths in the district as well as nationwide. He continued to engage in this dangerous conduct after having previously been convicted of a controlled substance offense. PSR ¶ 34. Particularly troubling, is

the fact that the defendant possessed a loaded firearm in his vehicle compounding the danger he posed to society while engaged in this conduct.  PSR ¶¶ 12 and 15.  Compounding matters he possessed the firearm in furtherance of drug trafficking after 2 previous firearms convictions.  PSR ¶¶ 35 and 37.   Given the defendant's conduct in this case and his significant criminal history involving narcotics and firearms, the government respectfully requests he be sentenced to a guideline sentence, supervised release and a $200 special assessment.  The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2).

This sentence reflects the seriousness of the violation and provides adequate deterrence against future violations.  In the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.' *Kimbrough v. United States*, 552 U.S. 85 (2007); *see, e.g., Gall v. United States*, 552 U.S. 38 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions").  Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity."  *Rita v. United States*, 551 U.S. 338, 354 (2007).

Dated: August 14, 2024                                  Respectfully Submitted,

                                                       CARLA B. FREEDMAN
                                                      United States Attorney

                                                      */s/ Geoffrey J. L.  Brown*
                       By:    Geoffrey J. L. Brown
                                                      Assistant U.S. Attorney
                                                      Bar Roll No. 513495